NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Plaintiff-Appellant,

v.

ARGONAUT INSURANCE COMPANY, Defendant-Appellee.

No. 82–5350.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 7, 1983.

Decided March 8, 1983.

Stephen A. Lax, Pachter, Gold & Schaffer, Los Angeles, Cal., for plaintiff-appellant.

Michael J. Cereseto, Buchalter, Nemer, Fields, Chrystie & Younger, Los Angeles, Cal., for defendant-appellee.

Before CHAMBERS and FARRIS, Circuit Judges, and PRICE,* District Judge.

FARRIS, Circuit Judge:

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania, appeals from a grant of summary judgment to defendant Argonaut Insurance Company in an action on an insurance contract. We affirm.

### FACTS

In February 1975 certain events in Texas gave rise to claims against United Rent-All, Inc., National's equitable subrogor, which it eventually settled for $1,540,000. Commerce and Industry Insurance Company, United's primary insurer, contributed to the settlement to the limit of its coverage, $300,000, subject to a $10,000 deductible. National contributed the remainder pursuant to its umbrella liability policy providing coverage of $5,000,000 in excess of underlying coverage of $300,000.

---

* The Honorable Edward D. Price, United States District Judge for the Eastern District of California, sitting by designation.

National then sued Argonaut, contending that at the relevant time Argonaut insured United by a primary policy to a limit of $300,000 and was thereby obligated to indemnify National for that amount. Argonaut argues that its policy covered United only to a limit of $10,000, the amount of the deductible under the Commerce and Industry policy.

The district court looked to extrinsic evidence in order to determine the intent of the parties to the contract by which Argonaut insured United for alternative reasons. California law permits reception of such evidence to ascertain the parties' intent, even when the contract appears unambiguous on its face, if "the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Pacific Gas and Electric Co. v. G.W. Thomas Drayage Co.,* 69 Cal.2d 33, 37, 69 Cal.Rptr. 561, 442 P.2d 641 (1968); *see Kock v. Quaker Oats Co.,* 681 F.2d 649, 657 n. 5 (9th Cir.1982); *Brobeck, Phleger & Harrison v. Telex Corp.,* 602 F.2d 866, 871 (9th Cir.), *cert. denied,* 444 U.S. 981, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979). Thus, the court received extrinsic evidence of the parties' intent even while observing that certain clauses in the policy "may appear to unambiguously include [United] as a fully insured party." Conclusion of Law 2. Alternatively, the court found that resolution of various ambiguities and inconsistencies arising from different sections of the policy required recourse to extrinsic evidence. *See* Cal.Civ.Code § 1638 (1973).

The district court undertook an exhaustive review of the history of United's insurance coverage as revealed in the evidence proffered by Argonaut. It concluded that Argonaut's policy insured United only to a limit of $10,000, as both parties to the contract contended. In the absence of a genuine issue of material fact, the court granted Argonaut summary judgment.

1. Rules of construction apply only when the court's inquiry into the parties' actual meaning fails to resolve the issue. *Board of Trade v. Swiss Credit Bank,* 597 F.2d 146, 149 (9th Cir. 1979). Thus, contrary to National's suggestion, neither the rule of construction against insurers nor that against the author of a challenged

## STANDARD OF REVIEW

"This court reviews de novo decisions granting summary judgment," *Bank of California, N.A. v. Opie,* 663 F.2d 977, 979 (9th Cir.1981), applying "the same standard as that binding on the trial court," *National Industries, Inc. v. Republic National Life Insurance Co.,* 677 F.2d 1258, 1265 (9th Cir. 1982). We will affirm a grant of summary judgment "if it appears from the record, after viewing all evidence and factual inferences in the light most favorable to the appellant, that there are no genuine issues of material fact and that the appellee is entitled to prevail as a matter of law." *Heiniger v. City of Phoenix,* 625 F.2d 842, 843 (9th Cir.1980).

## ANALYSIS

■ This case involves the somewhat unusual situation in which the district court considered extrinsic evidence challenging the arguably unambiguous meaning of an insurance contract, as California law permitted it to do, and then concluded that that evidence established a competing interpretation for purposes of summary judgment. Nevertheless, we see no need to duplicate the district·court's discussion of the evidence. The parties to the contract, Argonaut and United, agree on its meaning. National concedes that it can offer no evidence to contradict Argonaut's amply supported version of the history of United's insurance coverage in general and the development of this contract in particular.[1] Appellant's Opening Brief at 36. In the district court it offered no evidence to oppose the summary judgment motion except an expert's affidavit, which the court properly refused to admit.[2]

■ While offering nothing to support the interpretation it urges, National con-

writing, even if otherwise applicable, has effect here.

2. National challenges several of the district court's evidentiary rulings. None approaches a "clear abuse of discretion." *Hoptowit v. Ray,* 682 F.2d 1237, 1262 (9th Cir.1982). We therefore decline to disturb them.

tends that once the district court determines that a contract is reasonably susceptible to more than one reading, as its findings suggest here, it cannot resolve a dispute over the proper interpretation of the contract on a summary judgment motion. National cites numerous authorities for the proposition that "[i]n contract cases, summary judgment is appropriate only if the contract or the contract provision in question is unambiguous." *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 619 (9th Cir.1981), *citing Bear Brand Hosiery Co. v. Tights, Inc.*, 605 F.2d 723, 726 (4th Cir.1979); *accord Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1318–20 (2d Cir. 1975). *See generally* 10 Wright, Miller & Kane Federal Practice and Procedure, § 2730 at 583–87 (1973 & Supp.1981). The rationale for the proposition is simple: ambiguity in a contract raises a question of intent, which is a question of fact precluding summary judgment.

 The usual statement of the rule, however, assumes that there is at least some evidentiary support for competing interpretations of the contract's language. National cannot rely on the mere possibility of a factual dispute as to intent to avert summary judgment. Nor can it expect the district court to draw inferences favorable to it when they are wholly unsupported. National failed to raise a genuine issue of material fact as to the contract's proper interpretation. Summary judgment was appropriate. *See Lockwood v. Wolf Corp.*, 629 F.2d 603, 610 (9th Cir.1980); *Sterling National Bank & Trust Co. v. Fidelity Mortgage Investors*, 510 F.2d 870, 875 (2d Cir. 1975).

The true thrust of National's argument is that much of the evidence upon which the court relied came from employees of Argonaut and its broker, whose interests are identical and biased. National contends that it should have the opportunity to impeach them at trial. However, neither a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment. *Soar v. National Football League*

*Players' Association*, 550 F.2d 1287, 1289 n. 4 (1st Cir.1977); *Lundeen v. Cordner*, 354 F.2d 401, 407–08, 356 F.2d 169, 170–71 (8th Cir.1966); *Walpert v. Bart*, 280 F.Supp. 1006, 1013 (D.Md.1967), *aff'd per curiam*, 390 F.2d 877 (4th Cir.1968).

AFFIRMED.