**D. William WEWEE; et al.,**
**Plaintiffs—Appellants,**

v.

**UNITED STATES of America,**
**Defendant—Appellee.**

No. 03–15553.

D.C. No. CV–01–00626–WDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 21, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

D. William and Marietta J. Wewee appeal pro se the district court's dismissal of their action alleging Internal Revenue Service ("IRS") employees browsed, inspected, and disclosed their confidential income tax return information, without authorization, in violation of 26 U.S.C. §§ 6103 and 7431. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Abelein v. United States*, 323 F.3d 1210, 1213 (9th Cir.2003), and we affirm.

Because the Wewees failed to present evidence to show unauthorized disclosures, or to rebut the government's evidence showing any IRS employees' inspections of their return information were authorized by 26 U.S.C. § 6103(h)(1), *see id.* (noting government need not prove good-faith reliance on misinterpretation of section 6103 where disclosure is authorized under statutory exception to the general rule that tax return information is confidential), summary judgment was proper, *see Hughes v. United States*, 953 F.2d 531, 542 (9th Cir. 1992) (affirming summary judgment where plaintiffs merely alleged, without any supporting evidence, that the disclosure of their tax information was unauthorized); *cf. Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir.1983) ("neither a desire to cross-examine an affi-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment").

The Wewees' contention that this court should reopen discovery lacks merit, because the Wewees failed to request additional discovery pursuant to Fed.R.Civ.P. 56(f). *See In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d 970, 989 (9th Cir.1999) (holding district court properly proceeded to the merits of summary judgment where plaintiff failed to file a motion seeking discovery or explaining necessity of discovery, or an affidavit detailing the information she hoped to obtain by additional discovery).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.