**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CHARLES RENFREW, Ret. Futures Representative to the Western Asbestos Settlement Trust; THE TRUST ADVISORY COMMITTEE TO THE WESTERN ASBESTOS SETTLEMENT TRUST, <br><br> Plaintiffs - Appellees, <br><br> THE WESTERN ASBESTOS SETTLEMENT TRUST, <br><br> Plaintiff-intervenor - Appellee, <br><br> v. <br><br> HARTFORD ACCIDENT AND INDEMNITY COMPANY, <br><br> Defendant - Appellant. | No. 09-17290 <br><br> DC No. 4:08 cv 4127 PJH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted December 7, 2010

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

San Francisco, California

Before:     COWEN,[**] TASHIMA, and SILVERMAN, Circuit Judges.

Hartford Accident and Indemnity Company ("Hartford") appeals the district court's affirmance of the bankruptcy court's order granting Appellees' motion for partial summary judgment and issuing a permanent injunction. We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

1.     The terms "review" and "audit" do not necessarily imply rights to disseminate or use for unlimited purposes the information that is reviewed and audited. Furthermore, the extrinsic evidence in this case supports the bankruptcy court's conclusion that the parties did not intend those terms in the Settlement Agreement and Release (the "Settlement") to encompass such rights.

2.     The bankruptcy court correctly considered extrinsic evidence in its interpretation of the Settlement. *See Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 644-46 (Cal. 1968). Because the terms "review" and "audit" do not necessarily encompass the unlimited use of the audited and reviewed information, the bankruptcy court's interpretation of Section 14.1 of the Settlement based on extrinsic evidence did not "add to, detract from, or vary

---

[**]     The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

the terms of" that agreement. *Id.* at 645. It did not constitute an abuse of discretion on the part of the bankruptcy court to admit the declaration of Alan Brayton, *see DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd.*, 268 F.3d 829, 836 (9th Cir. 2001), because the out-of-court statement described in that declaration was not submitted "to prove the truth of the matter asserted," Fed. R. Evid. 801(c), but instead was submitted to show the mind-set and knowledge of the parties at the time of negotiation. *See United States v. Castro*, 887 F.2d 988, 1000 (9th Cir. 1989).

3. There is no "rigid rule" prohibiting a trial court from interpreting an ambiguous contract on summary judgment. *San Diego Gas & Elec. Co. v. Can. Hunter Mktg. Ltd.*, 132 F.3d 1303, 1307 (9th Cir. 1997). Summary judgment was appropriate in this case because there was no "genuine issue of material fact" presented by the extrinsic evidence, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983), and because any ambiguity in the Settlement language could not be resolved in a manner reasonably consistent with Hartford's position, *see S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003); *San Diego Gas & Elec. Co.*, 132 F.3d at 1307.

4. Because the bankruptcy court correctly interpreted Section 14.1 of the Settlement and based the injunction on that interpretation, it is unnecessary for us

to determine whether trust claimant information is confidential under California law.

**5.** The bankruptcy court did not abuse its discretion by setting a six-month limit on Hartford's retention of audit materials. *See Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998). In the event Hartford is unable reasonably to complete the audit within the six-month period provided in the injunction, it may, of course, move for modification of the bankruptcy court's order.

**AFFIRMED**.