PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1872
_____

SECRETARY UNITED STATES DEPARTMENT
OF LABOR

v.

RICHARD J. KWASNY; KWASNY AND
REILLY, P.C.; KWASNY AND REILLY 401(K)
PROFIT SHARING PLAN

Richard J. Kwasny,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-14-cv-04286)
District Judge: The Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 7, 2016
_____

Before: McKEE and RESTREPO, *Circuit Judges*; HORNAK,
*District Judge.*[*]

(Opinion filed: April 5, 2017)

_____

[*] Honorable Mark R. Hornak, District Judge for the United
States District Court for the Western District of Pennsylvania,
sitting by designation.

Richard J. Kwasny
1039 South Kimbles Road
Yardley, PA 19067

     Attorney for Appellant


Leonard H. Gerson
Thomas Tso
United States Department of Labor
Office of the Solicitor
Room N-4611
200 Constitution Avenue, N.W.
Washington, DC 20210

     Attorneys for Appellee

————

OPINION OF THE COURT

————


McKEE, *Circuit Judge.*

Richard Kwasny appeals the District Court's order granting summary judgment in favor of the Secretary of Labor and denying his cross-motion for summary judgment. Because the record shows no genuine issue of disputed fact regarding Kwasny's violation of the Employee Retirement and Income Security Act of 1974 ("ERISA") by directing employee 401(k) contributions into his Firm's general assets, we hold that the District Court did not err in granting summary judgment. We will therefore affirm, but remand for a determination of whether the judgment against Kwasny should be offset by a previous Pennsylvania state court judgment entered against Kwasny for the same misdirected employee contributions.

I

Richard Kwasny is a former managing partner of the now-dissolved law firm Kwasny & Reilly, P.C. (the "Firm"). While Kwasny was a partner at the Firm, the Firm established a 401(k) Profit Sharing Plan (the "Plan") for its employees,

2

and Kwasny was named as a trustee and fiduciary of the Plan.[1] Between September of 2007 and November of 2009, the Plan sustained losses in the amount of $40,416.30[2] because Plan contributions withdrawn from employees' paychecks were commingled with the Firm's assets and were not deposited into the Plan.

In 2011, the Secretary of Labor received a substantiated complaint from a Plan member, which triggered an investigation. The Secretary eventually filed this action to recover the lost funds, remove Kwasny as trustee and fiduciary of the Plan, and enjoin Kwasny from acting as a plan fiduciary in the future. The Secretary and Kwasny thereafter filed cross motions for summary judgment. The District Court granted the Secretary's motion for summary judgment and denied Kwasny's. Kwasny appeals.

## II

The District Court had jurisdiction pursuant to 29 U.S.C. § 1132(e). We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's grant of summary judgment is plenary.[3] Accordingly, we apply the same standard as the District Court.[4] Summary judgment is appropriate where, construing all evidence in the light most favorable to the nonmoving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] Our function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."[6]

## III

We must first decide whether the District Court correctly found that Kwasny violated the Employee Retirement and Income Security Act of 1974 ("ERISA") by

---

[1] Under ERISA, a trustee who exercises control respecting the management or disposition of Plan assets is also a fiduciary. 29 U.S.C. § 1002(21)(A).

[2] $40,416.30 was never forwarded to the Plan and $2,099.06 was forwarded late and without interest.

[3] *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015).

[4] *Id.*

[5] Fed. R. Civ. P. 56(a); *see also Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015).

[6] *Santini*, 795 F.3d at 416.

directing employee 401(k) contributions into the firm's general assets. Next, we must determine whether the District Court erred in denying Kwasny's motion for summary judgment based on his affirmative defenses.

## A

The District Court's grant of the Secretary's motion for summary judgment was based primarily on facts deemed admitted under Federal Rule of Civil Procedure 36(b).[7] Kwasny never sought to amend or withdraw the admissions, even upon invitation by the District Court.[8] Kwasny likewise does not appeal the order deeming the issues admitted. In addition to Kwasny's admissions, the District Court relied on testimony by the Firm's former bookkeeper, Kathleen Meske.[9] Kwasny's evidence, on the other hand, consists only of his own declaration, which he claims creates a genuine issue of material fact.

Matters deemed admitted due to a party's failure to respond to requests for admission are "conclusively established" under Federal Rule of Civil Procedure 36(b),[10] and may support a summary judgment motion.[11] Rule 36(b) is intended to narrow the triable issues in the case.[12] An admission is therefore an "unassailable statement of fact"[13] and is binding on the non-responsive party unless withdrawn or amended.[14] Because Kwasny did not appeal the District Court's order deeming the issues admitted, the admissions

---

[7] *Perez v. Kwasny*, 159 F. Supp. 3d 565, 569 (E.D. Pa. 2016).

[8] *Id.* at 568 n.5.

[9] *Id.* at 570.

[10] Fed. R. Civ. P. 36(b).

[11] *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 176 n.7 (3d Cir. 1990).

[12] Fed. R. Civ. Proc. 36(b).

[13] *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992) (quoting *Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1037 (3d Cir. 1988)).

[14] *Airco Indus. Gases, Inc.*, 850 F.2d at 1035–37 ("The new provisions give an admission a conclusively binding effect . . . unless the admission is withdrawn or amended.") (quoting Fed. R. Civ. P. 36 advisory committee's note).

4

continue to bind him in this appeal.[15] Accordingly, the District Court was correct to treat Kwasny's admissions as established fact.

Kwasny's admissions and Meske's declaration together establish a prima facie case of an ERISA violation. Under ERISA, trustees of an ERISA retirement plan (such as a 401(k) plan) have the following duties: (1) ensure that plan assets are held in a trust account,[16] (2) act solely in the interest of the plan participants and their beneficiaries,[17] (3) act prudently,[18] (4) prevent the plan from engaging in a direct or indirect transfer of plan assets for the benefit or use of a party in interest,[19] and (5) refrain from dealing with the plan's assets for the fiduciary's own interest.[20] Breach of these duties results in a violation and may trigger restitution or injunctive relief.[21] Plan funds protected under the statute include money withheld from employees' paychecks for purposes of the benefit plan but not yet delivered to the benefit plan.[22] The Plan's trustees are jointly and severally liable for money that is withheld but misdirected from a plan.[23]

---

[15] *See State Nat'l Ins. Co. v. Cty. of Camden*, 824 F.3d 399, 404 (3d Cir. 2016) ("If an appeal is taken only from a specified judgment, this Court does not exercise jurisdiction to review other judgments that were not specified or 'fairly inferred' by the Notice.").

[16] 29 U.S.C. § 1103.

[17] § 1104(a)(1)(A).

[18] § 1104(a)(1)(B).

[19] § 1106(a)(1).

[20] § 1106(b)(1).

[21] § 1109(a).

[22] 29 C.F.R. § 2510.3-102 ("[T]he assets of the plan include amounts . . . that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan . . . .").

[23] *Struble v. N.J. Brewery Emps.' Welfare Trust Fund*, 732 F.2d 325, 332 (3d Cir. 1984) ("These cases do not require, however, that the plaintiff name *all* of the trustees as defendants. It is a well-established principle of trust law that

5

Here, the record establishes that: (1) "Between January 2007 and December 2007 Richard Kwasny was a trustee of the Plan," (2) "Between September 7, 2007 and November 13, 2009, $41,936.73 was withheld from employee compensation but not deposited into the Plan,"[24] (3) "Richard Kwasny directed that employee withholdings intended for deposit into the Plan be commingled with the general assets of the Firm," (4) "Richard Kwasny directed that the employee withholdings intended for deposit into the Plan be used for the benefit of the Firm, and (5) "Richard Kwasny was responsible for determining if payroll checks and contribution checks were issued . . . between January 2007 and December 2009."[25] Additionally, the Firm's bookkeeper, Kathleen Meske, declared that Kwasny instructed her to send the employee contribution checks to the Plan asset custodian only after he paid employee wages, Kwasny himself, and the Firm's outstanding bills. In sum, the facts establish that Kwasny, a Plan trustee, used withheld employee contributions—protected Plan funds under ERISA—for the benefit of himself and the Firm in violation of his fiduciary duties.

Kwasny argues that Meske's declaration should be ignored because she was not privy to all conversations among the partners, and unbeknownst to Meske, the partners could have decided not to accept a paycheck and therefore did not have funds to contribute to the 401(k). However, the possibility that the firm partners may have properly failed to contribute funds is irrelevant. The ERISA violation is prefaced on Kwasny's directing employee contributions to be withheld from the employees' paychecks, not the partners'. Similarly, Kwasny's assertion that he was not the only trustee of the Firm and was therefore not solely responsible for Plan assets is irrelevant because, as we have already noted, trustee

---

multiple trustees who are at fault may be held jointly and severally liable.").

[24] Kwasny is deemed to have admitted that $41,936.73 was withheld in employee contributions, but the Secretary alleges that only $40,416.30 was withheld and not repaid into the Plan.

[25] J.A. at 117–18.

6

liability is joint and several.[26] Moreover, the fact that Kwasny was not permitted to cross-examine Meske is irrelevant for summary judgment purposes.[27] We therefore conclude that the District Court's grant of summary judgment in favor of the Secretary was correct.

B

We also agree with the District Court's conclusion that Kwasny is not entitled to summary judgment based on either of the two defenses he raises on appeal: (1) statute of limitations, and (2) res judicata.

*1.    Statute of Limitations*

Actions such as this one for breach of fiduciary duty may not be brought under ERISA after the earlier of "(1) six years . . . after the date of the last action which constituted a part of the breach or violation . . . or (2) "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation."[28] Put simply, Section 1113 creates "a general six year statute of limitations, shortened to three years in cases where the plaintiff has actual knowledge."[29] Actual knowledge "requires a showing that plaintiffs actually knew not only of the events that occurred which constitute the breach or violation but also that those events supported a claim of breach of fiduciary duty or violation under ERISA."[30]

Kwasny asserts the statute of limitations has expired because Firm employees and the Department of Labor had actual knowledge of the withholdings before 2011, and

---

[26] *Struble*, 732 F.2d at 332.

[27] *Schiavone Const. Co. v. Time, Inc.*, 847 F.2d 1069, 1084 (3d Cir. 1988)) ("[N]either a desire to cross-examine an affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment." (quoting *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir.1983))).

[28] 29 U.S.C. § 1113.

[29] *Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir. 1996).

[30] *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 787 (3d Cir. 2001) (quoting *Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO v. Murata Erie N. Am., Inc.*, 980 F.2d 889, 900 (3d Cir. 1992)).

therefore, the Secretary's 2014 suit is barred. Kwasny relies on the following statements from his declaration:

- Firm employees were aware that their contributions were not being deposited into the Plan as early as 2007 because it was widely known and documented in monthly statements to employees.

- A Department of Labor investigator examined all the Firm's Plan books and records at some point in 2010 in response to a complaint by Larry Haft, a previous employee of the Firm.

- The Employee Benefits Security Administration (EBSA) received complaint calls in 2006 and 2010 regarding the failure to remit employee contributions to a 401(k) plan.

The Secretary's evidence consists of the declarations of two EBSA employees: Trudy Logan from the EBSA regional office and the regional director Norman Jackson. Logan declared that EBSA received complaints in 2006 and 2010 but the callers submitted no evidence to substantiate their claims, and they did not identify the Plan at issue here. It was not until Fall 2011 that EBSA received a complaint that included substantiating evidence and sufficiently identified the Plan to allow it to be referred for enforcement. Consistent with Logan's declaration, Jackson declared that there was no investigation into the Firm's Plan contributions before November 2011.

We conclude that the District Court correctly held that Kwasny's evidence creates no genuine issue of material fact regarding whether the Secretary's suit was brought within the statute of limitations. As the District Court correctly noted, whether or not Firm employees were aware of violations is legally irrelevant because the plaintiff in this case is the Secretary of Labor, not the Firm employees.[31] Likewise, we

---

[31] *See Landwehr v. DuPree*, 72 F.3d 726, 732 (9th Cir. 1995) ("[T]he limitations period in an ERISA action begins to run on the date that the *person bringing suit* learns of the breach or violation.") (emphasis added).

agree with the District Court that Kwasny's self-serving declaration stating that someone from the Department of Labor examined the Firm's books at some unspecified time in 2010 is insufficient to create a triable issue of fact without personal knowledge or facts to substantiate the assertion.[32]

Lastly, we agree that as a matter of law, the 2006 and 2010 EBSA complaint calls do not establish that the Secretary had actual knowledge of the ERISA violation. Actual knowledge "requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists."[33] Logan declared that EBSA had no knowledge that the Plan was implicated by the complaints until 2011. Additionally, EBSA had no knowledge of the specific facts that made up the violation because no evidence was submitted to substantiate the complaints in 2006 or 2010. Accordingly, the District Court was correct in concluding that the 2006 and 2010 phone calls to EBSA are insufficient to establish the Secretary's actual knowledge of the ERISA claim against Kwasny.

For all of these reasons, we hold that the District Court was correct to conclude that Kwasny's statute of limitations defense does not prevent an entry of summary judgment in favor of the Secretary.

### 2. Res Judicata

Res judicata includes the legal concepts of claim preclusion and issue preclusion. Claim preclusion prevents the relitigation of identical cases, whereas issue preclusion

---

[32] *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002) ("In order to satisfy the standard for summary judgment the affiant must ordinarily set forth facts, rather than opinions or conclusions. An affidavit that is essentially conclusory and lacking in specific facts is inadequate to satisfy the movant or non-movant's burden.") (internal quotation marks and brackets omitted).

[33] *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3d Cir. 1992).

prevents the relitigation of discrete issues.[34] Here, Kwasny is only arguing claim preclusion as a defense.[35]

The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the Full Faith and Credit Statute.[36] The statute provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."[37] The statute has been interpreted by the Supreme Court to require federal courts to look to state law to determine the preclusive effect of a prior state judgment.[38] Accordingly, we must look to Pennsylvania law on claim preclusion to determine whether it applies in this case.

Under Pennsylvania law, claim preclusion requires privity between the parties in the previous case and the current suit.[39] In its broadest sense, privity is a "mutual or

---

[34] *R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*, 670 F.3d 420, 426–27, 429 (3d Cir. 2011).

[35] Though Kwasny references issue preclusion in his brief, he does not outline how the doctrine applies to this case. Indeed, because the previous judgment was not in Kwasny's favor, any issues actually litigated would not have been decided in his favor and would not advance his case here. Even so, under Pennsylvania law, like claim preclusion, issue preclusion requires privity between the parties, so the result here is the same. *See Metro. Edison Co. v. Pa. Pub. Util. Comm'n*, 767 F.3d 335, 351 (3d Cir. 2014), *cert. denied,* 135 S. Ct. 2372 (2015) (outlining the requirements of issue preclusion under Pennsylvania law as including "privity with a party in the prior case").

[36] *Metro. Edison Co.*, 767 F.3d at 350.

[37] 28 U.S.C. § 1738.

[38] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380–81 (1985).

[39] *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 276 (3d Cir. 2014), *cert. denied sub nom. Allston v. Lower Merion Sch. Dist.*, 135 S. Ct. 1738 (2015) (outlining the requirements of claim preclusion as (1) a final judgment on the merits, (2) the same parties or their privities, and (3) a subsequent suit based on the same cause of action).

successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right."[40]

First, Kwasny argues that the Secretary is precluded from bringing its claim against him because a former employee of the Firm, Larry Haft, obtained a judgment from Bucks County Court of Common Pleas based, in part, on withheld employee 401(k) contributions. It is true that the Secretary's suit seeks monetary recovery to vindicate the rights of all Firm employees (including Haft) for Kwasny's withheld employee 401(k) contributions. But when the Secretary of Labor brings an ERISA suit, the government seeks to vindicate broader interests than those of the employees. As the Court of Appeals for the Seventh Circuit has noted, the Secretary's interests also include "the reinforcement of public confidence in a private pension system" and "supervising the enforcement of the ERISA statute," which "ensure[s] the financial stability of billions of dollars of assets which in turn have a monumental effect on not only the Treasury of the United States, but on the national economy and commerce as well."[41] A private litigant cannot represent these interests. Accordingly, the Court of Appeals for the Seventh Circuit and a number of appellate courts have held that the Secretary of Labor is not bound by the results reached by private litigants in ERISA suits.[42]

We agree with our sister circuit courts of appeals that under ERISA's statutory framework, "private plaintiffs do not adequately represent, and are not charged with representing, the broader national public interests represented by the Secretary" in ERISA suits.[43] Because the Secretary's interest in maintaining the integrity of, and public confidence in, the

---

[40] *Greenway Ctr., Inc. v. Essex Ins. Co.*, 475 F.3d 139, 149 (3d Cir. 2007) (quoting *Ammon v. McCloskey*, 655 A.2d 549 (Pa. Super. Ct. 1995)).

[41] *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 687–92 (7th Cir. 1986) (en banc).

[42] *Id.*; *Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 340 (4th Cir. 2007); *Donovan v. Cunningham*, 716 F.2d 1455, 1462 (5th Cir. 1983); *Herman v. S.C. Nat. Bank*, 140 F.3d 1413, 1424 (11th Cir. 1998).

[43] *Herman*, 140 F.3d at 1424.

pension system is broader than the interests of private litigants, we conclude that in ERISA suits, the Secretary is not in privity with private litigants and is therefore not bound by the results reached by private litigation. Accordingly, we agree with the District Court's conclusion that the Haft judgement does not preclude the Secretary from bringing suit.

Kwasny also argues that, at the very least, the judgment in this case should be offset by the judgment awarded Haft in the previous litigation. The Secretary agrees that such an offset may be appropriate if the previous judgment was to recover withheld employee 401(k) contributions.[44] The District Court concluded, however, that the judgment in this case should not be offset because the Bucks County judgment dated August 29, 2012 references only punitive damages and "Kwasny does not provide any other signed court order indicating any other award against him."[45] This conclusion is only partially correct. While it is true that the August 29th order awards Haft punitive damages against Kwasny in the amount of $32,677.15, Haft also obtained a default judgment against Kwasny on November 28, 2011, in the amount of $80,435.85. This amount appears to have been calculated including compensation for "401K payments withheld from plaintiff's wages . . . never deposited in to the 401K plan."[46] It is unclear from the appellate record whether an offset of the Secretary's judgement is appropriate in this case. We will therefore direct the District Court to consider the issue on remand.

IV

For the reasons set forth above, we will affirm the District Court's grant of the Secretary's motion for summary judgment except as to the amount of the judgment. We remand the matter for a determination as to whether the amount of the judgment should be offset by the Bucks County default judgment.

---

[44] *See Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991) (holding that offset of a judgment obtained by the Secretary of Labor is only appropriate when private plaintiffs actually recover concurrent judgments).

[45] *Perez*, 159 F. Supp. 3d at 574.

[46] J.A. at 79.