NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 18-1049

———————

SECRETARY UNITED STATES DEPARTMENT OF LABOR

v.

RICHARD J. KWASNY; KWASNY AND REILLY, P.C.;
KWASNY AND REILLY 401(K) PROFIT SHARING PLAN

RICHARD J. KWASNY,
                              Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-14-cv-4286)
District Judge:  Hon. Eduardo C. Robreno

———————

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2018

Before:  JORDAN, VANASKIE, and RENDELL, *Circuit Judges*

(Opinion Filed:  September 27, 2018)

———————

OPINION*

———————

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

JORDAN, *Circuit Judge*.

I.      **Background**

This matter comes before us for the second time.  In a prior appeal, we affirmed the District Court's grant of summary judgment against the appellant, Richard Kwasny, and in favor of the United States Secretary of Labor in an action to recover withheld contributions to an employee 401(k) plan, governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*[1]  Although we largely affirmed the ruling against Kwasny, we remanded the case on the narrow issue of whether the amount of the Secretary's judgment should be offset by a prior November 2011 state court default judgment that a former employee obtained against Kwasny, which appeared to include "compensation for '401K payments withheld from [the] plaintiff's wages … [but] never deposited [into] the 401K plan.'"  *Sec'y U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 96 (3d Cir. 2017) (citation omitted).

On remand, the District Court declined to reduce the amount of the judgment, but declared it to be "concurrent" with the 2011 default judgment entered by the Bucks County, Pennsylvania, Court of Common Pleas.  (App. at 2.)  Specifically, the District Court ordered "that upon proof of payment by Richard Kwasny to the Secretary of Labor of any amount of the Bucks County judgment, the Secretary shall immediately credit that

---

[1] The details underlying the Secretary's judgment against Kwasny are set forth in our prior decision, *Secretary United States Department of Labor v. Kwasny*, 853 F.3d 87, 89-90, 95 (3d Cir. 2017).  Pertinent here, Kwasny, as the trustee of his law firm's employee 401(k) Profit Sharing Plan, faces joint and several liability for money that was withheld but misdirected from the plan.  *Id.* at 91-92.

amount against the concurrent February 8, 2016 judgment in this case, reducing the amount owed to the Secretary." (App. at 2.) In the District Court's view, by ordering "the [Secretary's] judgment … concurrent with the Bucks County judgment, double recovery is prevented." (App. at 3.)

Kwasny now appeals that order.

## II.     Discussion[2]

Kwasny argues that the District Court's judgment still subjects him to the risk of duplicate damages and constitutes an impermissible windfall recovery for the plan. In our earlier decision, we concluded that claim preclusion does not bar the Secretary's ERISA claim for money damages on behalf of the plan. *Kwasny*, 853 F.3d at 94-96. Although we stopped short of addressing whether the Secretary could also obtain a judgment for relief that might overlap with the 2011 state court default judgment, we have little trouble affirming now, in light of the District Court's amended order.

Among other things, claim preclusion "is designed to prevent double recoveries" for injuries sustained by a plan. *Beck v. Levering*, 947 F.2d 639, 642 (2d Cir. 1991). It does not prevent the Secretary from seeking and obtaining a monetary recovery when a plan has not been made whole. *See Kwasny*, 853 F.3d at 95 n.44 (citing *Beck* for the proposition that "offset of a judgment obtained by the Secretary of Labor is only appropriate when private plaintiffs actually recover concurrent judgments"). Moreover,

---

    [2] The District Court had jurisdiction under 29 U.S.C. § 1132(e). We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the grant of summary judgment is plenary. *Kwasny*, 853 F.3d at 90.

concurrent judgments can be an appropriate safeguard against a double recovery. *See Beck*, 947 F.2d at 642 (affirming concurrent judgment for the Secretary of Labor and private plaintiffs, explaining that it "ensures some recovery for the Plans," including in circumstances when the trustees' "interest in absolving themselves may conflict with the private litigants' interest," yet effectively guards against double recovery); *see also Perez v. Bruister*, 823 F.3d 250, 276 (5th Cir. 2016) (using concurrent judgment to dispose of consolidated cases "[t]o alleviate any misconception and avert double recovery"). Such is the case here.

Nearly eight years have passed, the plan has not recovered any money, and the Bucks County default judgment against Kwasny remains outstanding. Kwasny appears to concede as much. He suggests, however, that because "the District Court is not able to alter or modify the [s]tate [c]ourt [j]udgment," it cannot issue an effective concurrent judgment and, therefore, the only way to ensure that no double recovery occurs is to prospectively reduce the Secretary's judgment by the amount of the outstanding Bucks County default judgment against him. (Opening Br. at 18.) But, as he acknowledges, the risk of double payment only arises if the District Court's judgment is satisfied first. Kwasny, himself, can avoid that risk by paying the Bucks County default judgment and then seeking an offset in that amount, in accordance with the District Court's order. Thus, we conclude that, in these particular circumstances, the amended order provides adequate protection against a duplicative recovery on behalf of the plan.

III. **Conclusion**

Accordingly, we will affirm the District Court's judgment, as modified.

4