**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2265
_____

JAMES EVERETT SHELTON,

v.

FAST ADVANCE FUNDING, LLC,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-18-cv-02071)
District Judge: Hon. Chad F. Kenney
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 17, 2020
_____

Before: JORDAN, GREENAWAY JR., and KRAUSE, *Circuit Judges*.

(Opinion Filed: March 3, 2020)
_____

OPINION*
_____

GREENAWAY, JR., *Circuit Judge*.

    We must decide whether, in the circumstances of this case, the District Court

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

abused its discretion in deciding that requests for admission served fewer than thirty days before the close of discovery were deemed admitted when the party to whom the requests were directed failed to make any response. We must also decide whether the District Court erred in deciding that a plaintiff has standing under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, when he has received unsolicited telemarketing calls on his personal phone.

For the reasons set forth below, we will affirm.

## I. BACKGROUND

Plaintiff-Appellee James Everett Shelton ("Shelton") sued Defendant-Appellant Fast Advance Funding, LLC ("FAF") for violations of the TCPA in the Eastern District of Pennsylvania. He claimed that FAF called his cell phone twenty-two times for telemarketing even though his phone number is on the National Do Not Call Registry and Shelton had previously requested that he not receive such calls from FAF.

The TCPA prohibits "any person within the United States" from making calls "using any automatic telephone dialing system or an artificial or prerecorded voice" to a telephone number assigned to a "cellular telephone service." 47 U.S.C. § 227(b)(1). The TCPA also prohibits calls to any subscriber on the do-not-call database. 47 U.S.C. § 227(c)(3)(F). Its implementing regulations require entities making telemarketing calls to have a written policy for maintaining a do-not-call list and that those entities honor residential telephone subscribers' requests that the entity not call them. 47 C.F.R. § 64.1200(d)(1) & (3).

Shelton served Requests for Admission on FAF on February 11, 2019. FAF never responded to the request. Discovery closed on March 1, 2019. Since FAF never responded,

2

Shelton filed a motion in limine to prevent FAF from offering testimony or evidence contrary to the Request for Admissions. FAF opposed the motion and argued that it did not need to respond to the Request, as discovery closed before the response deadline. The District Court granted Shelton's motion in limine.

On April 29, 2019, FAF filed an additional proposed jury instruction stating that Shelton lacked standing under the TCPA because he used his cellphone for both personal and business purposes. On the same day, Shelton filed a motion to strike the proposed instruction. On May 1, 2019, the morning of trial, FAF sought to depose Shelton on this issue. FAF made this request because, in another case in the Eastern District of Pennsylvania, Shelton had admitted that he used his cellphone for both purposes. That case, *Shelton v. Target Advance LLC*, 2:18-cv-2070, was before Judge Quiñones Alejandro. The court in *Target Advance* decided that Shelton did not have standing to bring suit under § 227(c)(3)(F) because business numbers may not be registered on the National Do Not Call Registry.

The District Court denied FAF's eleventh hour request to take additional discovery and denied Shelton's motion to strike as moot. The Requests for Admission were deemed admitted when the court granted Shelton's motion in limine. As a result, there were no outstanding questions of fact. Relying on the Requests for Admission, the District Court effectively granted partial summary judgment and decided that Shelton had standing under the TCPA: "This Court determined that, because the Requests for Admission were deemed admitted, Defendant had admitted that Plaintiff's cell phone was a 'personal cellular telephone,' . . . . Plaintiff has standing in this matter." JA157–58. In light of this ruling,

3

the parties agreed that there were no issues for the jury, and that the court should decide whether FAF's violations of the TCPA were willful and knowing.[1] The District Court issued findings of fact and conclusions of law and entered a verdict in favor of Shelton. This appeal on the grant of the motion in limine and essentially partial summary judgment followed.

## II. JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review rulings on the admissibility of evidence for abuse of discretion. *See Forrest v. Parry*, 930 F.3d 93, 113 (3d Cir. 2019). We review a district court's decision on a party's standing to assert a federal claim de novo. *See Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 454 (3d Cir. 2003).

## III. DISCUSSION

**A.     The District Court's Grant of Shelton's Motion in Limine**

FAF first argues that the District Court erred in granting Shelton's motion in limine. FAF contends that it was not obliged to respond to Shelton's requests for admission because the deadline to respond was after the close of discovery. Under these circumstances, we disagree.

Federal Rule of Civil Procedure 36 governs requests for admission. Nothing in that rule provides that a party may ignore requests if the responses are due after the close of discovery. The rule states only: "A matter is admitted unless, within 30 days after being

---

[1] FAF has not appealed the District Court's damages determination.

served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Although "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court," *id.*, neither happened here.

We have recognized that requests for admission are distinct from other discovery devices, and that a party can still be obliged to respond to a request for admission even after the close of discovery:

> [R]equests for admission typically come late in discovery, or even after discovery has been completed and trial is imminent. If at that point a party is served with a request for admission of a fact that it now knows to be true, it must admit that fact, even if that admission will gut its case and subject it to summary judgment. That is what Rule 36 was intended to do—narrow the issues for trial, or even altogether obviate the need for trial.

*Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992).

The District Court was therefore within its discretion in granting Shelton's motion in limine. "Matters deemed admitted due to a party's failure to respond to requests for admission are conclusively established under Federal Rule of Civil Procedure 36(b) . . . . An admission is therefore an unassailable statement of fact and is binding on the non-responsive party unless withdrawn or amended." *Sec'y U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 91 (3d Cir. 2017) (internal quotation marks and citations omitted).

**B.     The District Court's Determination That Shelton Had Standing**

FAF also argues that Shelton did not have standing under the TCPA because, in *Target Advance*, Shelton admitted that he used his cellphone for both business and personal

5

purposes.  In contrast, here, there was no evidence in the record before the District Court that Shelton used his cellphone for business.

Since Defendant did not participate in discovery or respond to Shelton's Requests for Admission, the District Court did not err in determining that Shelton had standing. *Target Advance* presented a different record.  In that case, the parties did exchange discovery.  Most important, there was evidence in *Target Advance* that Shelton used the number "for personal matters and for a business he owns called Final Verdict Solutions" and that the telemarketing calls he received were related to that business.  JA71.

But as the District Court here noted, there is "no evidence of Plaintiff's business in the record[.]"  JA157  n.2.  By failing to respond to Shelton's Requests for Admission, Defendant effectively admitted all allegations in Shelton's complaint.  The Complaint repeatedly states that Shelton's cell phone was a "personal cellular telephone" that Shelton "used for personal purposes."  *Shelton v. Fast Advance Funding, LLC*, 2:18-cv-2071, Doc. No. 1, ¶¶ 20, 50.  The Complaint does not refer to Shelton's business.  On the record presented, there is no evidence that Shelton used his cellphone for business purposes.  The District Court therefore correctly decided that Shelton had standing to bring suit under the TCPA.

## IV. CONCLUSION

For the reasons set forth above, we will affirm.

6