NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-1795

———————

COLLEEN REILLY; BECKY BITER; ROSALIE GROSS

v.

CITY OF HARRISBURG; HARRISBURG CITY COUNCIL;
MAYOR ERIC PAPENFUSE, in his official capacity as Mayor of Harrisburg

Colleen Reilly and Becky Biter,
                                                    Appellants

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-16-cv-00510)
District Judge: Honorable Sylvia H. Rambo

———————

Argued on June 8, 2023

Before: HARDIMAN, AMBRO, and FUENTES, <u>Circuit Judges</u>

(Opinion Filed: July 10, 2023)

Roger K. Gannam
Mathew D. Staver **(Argued)**
Horatio G. Mihet
Daniel J. Schmid
Liberty Counsel
P.O. Box 540774
Orlando, FL  32854

        Counsel for Appellants

Frank J. Lavery, Jr.
Andrew W. Norfleet **(Argued)**
Lavery Law
225 Market Street
Suite 304
P.O. Box 1245
Harrisburg, PA  17108

        Counsel for Appellees

Margaret Neely
Susan Frietsche
Women's Law Project
239 Fourth Avenue
Suite 2108
Pittsburgh, PA  15222

Christine K. Castro
Women's Law Project
125 S. 9th Street, Suite 300
Philadelphia, PA  19107

        Counsel for Amicus Appellees

---

OPINION*

---

AMBRO, Circuit Judge

Appellants Colleen Reilly and Becky Biter sued the City of Harrisburg, alleging that it restricts unconstitutionally their ability to have peaceful one-on-one conversations with pregnant women on the sidewalks outside abortion clinics.  The District Court granted summary judgment for the City because there was no evidence it had a policy or

---

* This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

custom prohibiting Reilly and Biter's activities. We agree and affirm.

I.

In November 2012, Harrisburg's City Council passed Ordinance No. 12-2012, entitled "Interference with Access to Health Care Facilities" ("the Ordinance"), which makes it illegal to "knowingly congregate, patrol, picket or demonstrate in a zone extending 20 feet from any portion of an entrance to, exit from, or driveway of a health care facility." Harrisburg, Pa. Mun. Code § 3-371.4 (2012). Beyond the text of the Ordinance itself, Harrisburg has not issued formal guidance on how it will enforce that measure. Instead, each individual police officer investigates and decides whether to issue a warning or citation, sometimes checking with a supervisor to receive guidance on how to respond.

Reilly and Biter oppose abortion and engage in sidewalk counseling, which they describe as peaceful one-on-one conversations, prayer, and leafletting outside abortion clinics intended to dissuade patients from terminating their pregnancies. In July 2014, Reilly received a warning for her activities outside the Planned Parenthood facility. Two police officers arrived, and one of them—Officer Deborah Ewing—told Reilly to stay 25 to 30 feet away from the door and driveway. Officer Ewing was wrong to do so because the buffer zone extends only 20 feet and does not even apply to sidewalk counseling because it is not one of the four acts prohibited in the buffer zone: congregating, patrolling, picketing, or demonstrating. Still, the officer instructed Reilly to move and warned she would be "cited if she violates the [O]rdinance in the future." JA 292. On the record before

us, Biter has never been cited or threatened with a citation.[1]  In fact, on this record, not a single person has ever been cited for a violation of the Ordinance.

After the July 2014 incident, Reilly and Biter sued the City in the District Court for the Middle District of Pennsylvania, claiming that the Ordinance, as applied to them, violates their First Amendment rights to free speech, exercise, and assembly.[2]  They moved for a preliminary injunction, which the Court denied.  *Reilly v. City of Harrisburg*, 205 F. Supp. 3d 620 (M.D. Pa. 2016).  On appeal to our Court, we vacated the order denying the preliminary injunction and remanded for the District Court to conduct the analysis anew applying the correct standard.  *Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017).  It again denied the motion for a preliminary injunction.  *Reilly v. City of Harrisburg*, 336 F. Supp. 3d 451, 456 (M.D. Pa. 2018).

Reilly and Biter appealed again.  On the second appeal, we affirmed.  *Reilly v. City of Harrisburg*, 790 F. App'x 468, 478 (3d Cir. 2019).  In that decision, we clarified that the Ordinance does not prohibit sidewalk counseling because its plain terms prohibit only congregating, patrolling, picketing, and demonstrating, none of which covers peaceful one-

---

[1] Some may question how Biter has standing when she has not received a warning for violating the Ordinance.  A "realistic threat," however, "of the City's enforcement is sufficient for purposes of Plaintiffs' standing," even when the "record does not reflect any prosecution, arrest, or even citation." *Bruni v. City of Pittsburgh*, 941 F.3d 73, 84 n.12 (3d Cir. 2019).  We conclude that the warning Biter's co-plaintiff and co-sidewalk counselor, Reilly, received is enough to make their shared fear of enforcement realistic.

[2] The initial complaint included a third plaintiff, Rosalie Gross, who has voluntarily dismissed her claims.  In addition, a facial challenge to the Ordinance was abandoned on appeal.  Finally, though Reilly and Biter seek summary judgment on their free-exercise claim, the Court had dismissed the count for failure to state a claim, and that was not error; their complaint fails to plead facts that, taken as true, would make the City liable.

4

on-one conversations or leafletting. *Id.* at 474 (citing *Bruni*, 941 F.3d at 86-88). The Supreme Court denied their petition for certiorari. *Reilly v. City of Harrisburg*, 141 S. Ct. 185 (2020) (mem.). On remand, the parties moved for summary judgment. The Court granted Harrisburg's motion and denied Reilly and Biter's cross-motion. They now appeal a third time.[3]

## II.

It is well-settled that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," meaning a city is not liable under the statute for injuries inflicted solely by its agents or employees. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). But a city can be liable for a § 1983 violation "based upon a policy or custom of the city rather than upon the act of an individual city employee." *Porter v. City of Philadelphia*, 975 F.3d 374, 382 (3d Cir. 2020). Accordingly, whenever a First Amendment challenge is brought against a city, the first step is to determine what, if any, "official city policy or custom is at issue." *Id.* Only after identifying a policy or a custom do we "apply the correct First Amendment principles to [it]." *Id.*

A *policy* is a decision of a city's "duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty.*

---

[3] The District Court had federal question jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment *de novo*, applying the same standard as the District Court. *Sec'y U.S. Dep't of Labor v. Kwasny*, 853 F.3d 87, 90 (3d Cir. 2017). "Summary judgment is appropriate where, construing all evidence in the light most favorable to the nonmoving party, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

*Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403-04 (1997). The policy need not be in writing but must "establish fixed plans of action to be followed under similar circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). "[U]nder appropriate circumstances" a single decision by one policymaker with sufficient authority may be enough to create a policy. *Id.* at 480. The Supreme Court has cautioned, though, that a single action creates liability "only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id.* at 481.

Separately, a *custom* exists when, although no policy has been formally approved by an appropriate authority figure, certain practices are so "permanent and well settled" as to have the force of law. *Monell*, 436 U.S. at 691. As relevant here, a custom cannot be proven by evidence of "a single incident of unconstitutional activity." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("[C]onsiderably more proof than the single incident will be necessary in every case to establish . . . the requisite fault on the part of the municipality.").

The lesson of *Monell* and cases applying it is that a city must have been truly involved in a constitutional violation before it is liable. Specifically, a plaintiff must prove that the city itself, not just rogue individuals employed by it, engaged in "deliberate conduct" that was the "moving force" behind the alleged injury. *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (cleaned up).

Here, the District Court was correct that Harrisburg has no policy or custom of over-enforcing the Ordinance to prohibit peaceful sidewalk counseling. The City issued no rules, proclamations, or edicts that could be considered a policy, other than the Ordinance

6

itself, which is constitutional on its face under *Bruni*. *See* 941 F.3d at 91. Rather than setting a blanket policy, Harrisburg gives each police officer discretion to investigate and determine whether a violation has occurred. Further, at oral argument Harrisburg's counsel explained that the Ordinance bans only the four listed activities, and they do not include peaceful sidewalk counseling. Finally, Reilly and Biter's evidence that Harrisburg admits that it had an *unwritten* enforcement policy also fails to establish a municipal policy. The litigation statements on which Plaintiffs rely show only that Harrisburg officials misunderstood the Ordinance on its face, not that they had an unwritten policy of unconstitutional enforcement in 2014.

Nor is there a custom of restricting such counseling. The record does not reveal one citation or arrest. And although Reilly has evidence of a one-off improper warning in July 2014, she and Biter need "considerably more proof than [a] single incident" to trigger *Monell* liability. *Tuttle*, 471 U.S. at 824. On this record, they have not satisfied that burden.

Reilly and Biter may subjectively fear they will be cited or arrested, but that falls short under *Monell*. Harrisburg has no policy of prohibiting sidewalk counseling, and the appellants have not shown the existence of any custom. Thus the District Court correctly granted summary judgment for the City, and we affirm.