ELD-017-E

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2361
_____

BRUCE NORTON,
Appellant

v.

JOSEPH C. ADAMS, in his official capacity; MATTHEW D. MENGES, in his official
capacity; YORK COUNTY COURT OF COMMON PLEAS; DEUTSCHE BANK
NATIONAL TRUST COMPANY, as Trustee for Saxton Asset Securities Trust 2007-2
Mortgage Loan Asset Backed Certificates Series 2007-2; JESSICA N. MANIS, Esq., in
her official capacity; and STERN & EISENBERG, P.C.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:25-cv-01216)
District Judge: Honorable Jennifer P. Wilson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 29, 2025
Before: BIBAS, NYGAARD, and FISHER, <u>Circuit Judges</u>

(Opinion filed: August 1, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

This is an interlocutory appeal filed by pro se appellant Bruce Norton. The appeal challenges an order of the District Court refusing to enjoin an upcoming sheriff's sale. Norton's motion to expedite the appeal is granted and, for the reasons set forth below, we will summarily affirm the order under review.

## I.       Background

Norton relays that he was the defendant in a foreclosure action concerning his home in York County, Pennsylvania. That action resolved in favor of the plaintiff, Deutsche Bank National Trust Company (Deutsche Bank). See Deutsche Bank Nat'l Tr. Co. as Tr. for Saxon Asset Sec. Tr. 2007-2 Mortg. Loan Asset Backed Certificates, Series 2007-2 v. Norton, 276 A.3d 235 (table), 2022 WL 730594, at *5 (Pa. Super. Ct. 2022).[1]

After obtaining its foreclosure judgment, Deutsche Bank filed a quiet title action and was again successful. A writ of execution issued; Burton's home is slated for auction at a sheriff's sale on August 4, 2025. The state trial court denied Norton's emergency motion to stay the sale pending disposition of his latest appeal to the Superior Court.[2]

---

[1] Norton's subsequent attempt to have the foreclosure judgment vacated, on account of alleged fraud, was rejected by the trial court.

[2] That appeal was argued on June 17, 2025, and a decision is pending. See Deutsche Bank Nat'l Tr. Co., Tr. c/o PHH Mortg. Corp. & Saxon Asset Co., Sec. Tr. 2007-2, Mortg. Loan Asset Backed C, c/o PHH Mortg. Corp. v. Norton, Docket No. 53 MDA 2025 (Pa. Super. Ct.). There is no indication on the Superior Court's docket that Norton has withdrawn the appeal, despite his recent representation that "he is not pursuing further remedies in the Pennsylvania state courts with respect to the foreclosure and quiet title proceedings[.]" DC ECF No. 6 at 1.

2

Norton then turned to federal court, filing a pro se civil rights action under 42 U.S.C. § 1983. He named as defendants the state trial court and two of its judges, plus Deutsche Bank and its counsel. Norton's complaint challenged various aspects of the foreclosure and quiet-title actions, and in part repackaged as federal due process claims arguments he unsuccessfully made in those actions. Compare Norton, 2022 WL 730594, at *3–5 with DC ECF No. 1 (Complaint) at 14–15. Norton also used his complaint to argue at length against Younger abstention[3] and the Rooker-Feldman doctrine[4] and other legal theories that he anticipated would be used to thwart his § 1983 action.

As for relief, Norton requested only equitable remedies. Specifically, Norton sought: a declaration that his constitutional rights have been violated, and an order enjoining enforcement of the foreclosure judgment unless he is given an opportunity to present his due process claims in a neutral forum.

After filing his complaint, Norton filed what he called a "motion for temporary restraining order and preliminary injunction." DC ECF No. 3 at 1. With that motion, Norton sought to enjoin the August 4, 2025 sheriff's sale, while stressing that he did not seek to have the foreclosure judgment overturned or vacated.

The Magistrate Judge issued a Report recommending that Norton's motion be denied. The Magistrate Judge reasoned that "[c]ourts in this circuit have declined to issue

---

[3] See generally Younger v. Harris, 401 U.S. 37 (1971).

[4] See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

preliminary injunctive relief to enjoin aspects of state court foreclosure proceedings, including sheriff's sales, finding that the Anti-Injunction Act prohibits such relief." DC ECF No. 10 at 2 (collecting unpublished district court decisions). Over Norton's objections, the District Court entered an order on July 16, 2025, agreeing with the Magistrate Judge, adopting the Report, and denying Norton's motion. This interlocutory appeal followed.

## II.     Jurisdiction

Norton's motion seeking to enjoin the sheriff's sale requested a temporary restraining order (TRO) *and*, after a hearing, a preliminary injunction. Those forms of relief are differentiated in Federal Rule of Civil Procedure 65; whereas a preliminary injunction "must be issued with notice to the adverse party," a TRO may issue "without notice where it is 'clearly show[n] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.'" Hope v. Warden York Cnty. Prison, 956 F.3d 156, 160 (3d Cir. 2020) (quoting Fed. R. Civ. P. 65(b)(1)(A)). TROs also are much shorter in duration, as a rule (two weeks, absent consent to or good cause for an extension). See Fed. R. Civ. P. 65(b)(2).

When the two forms of relief are denied, moreover, there are different jurisdictional consequences. An order denying a request for a TRO is not immediately appealable. See Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010); see also A.A.R.P. v. Trump, 145 S. Ct. 1034, 1035 (2025) (Alito, J., dissenting). The opposite is true of an order denying a request for a preliminary injunction. See 28 U.S.C. § 1292(a)(1) (providing that "the courts of appeals shall have jurisdiction of appeals from[ ]

4

[i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions").

So, insofar as Norton's motion sought and the District Court denied a TRO, we lack appellate jurisdiction to consider the July 16, 2025 order at this time. But insofar as Norton sought a preliminary injunction—and that is the most-fair construction of his pro se motion—we can immediately review the July 16, 2025 order. See Hope, 956 F.3d at 160 ("Where ... a purported TRO goes beyond preservation of the status quo and mandates affirmative relief, the order may be immediately appealable under § 1292(a)(1)."); see also In re Arthur Treacher's Franchise Litig., 689 F.2d 1150, 1155 n.7 (3d Cir. 1982). We thus exercise appellate jurisdiction under § 1292(a)(1).

### III.    Merits

The District Court's decision to deny Norton's motion for a preliminary injunction was grounded exclusively in the Anti–Injunction Act (A-IA), 28 U.S.C. § 2283.[5] That statute reads as follows: "A court of the United States may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments." 28 U.S.C. § 2283.

The general rule is thus that "an injunction against execution or any other proceeding to enforce a state judgment is forbidden as well as one against the prosecution of state litigation to obtain a judgment." Jos. L. Muscarelle, Inc. v. Cent. Iron Mfg. Co.,

---

[5] The District Court's interpretation and application of the A-IA is reviewed de novo. See In re Diet Drugs Prod. Liab. Litig., 369 F.3d 293, 304 (3d Cir. 2004).

328 F.2d 791, 793 (3d Cir. 1964). And while there are three statutorily prescribed exceptions, those exceptions "are to be construed narrowly," In re Diet Drugs, 282 F.3d 220, 233 (3d Cir. 2002), the practical effect of which is that the A-IA "prohibits most federal court injunctions staying state court proceedings," In re Prudential Ins. Co. of Am. Sales Pracs. Litig., 314 F.3d 99, 103 (3d Cir. 2002). Cf. Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970) ("Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.").

All that said, we are somewhat skeptical of a *categorical* rule—one seemingly applied by the District Court here—that "state court foreclosure proceedings . . . do not fall within one of [the A-IA's exceptions]." DC ECF No. 13 at 4. Where, for example, the sole relief sought in a federal action is the enjoinment of a sheriff's sale authorized by a state court judgment, and a federal district court's allowing the sale to go forward will moot the entire federal action, might temporary enjoinment of the sale be "necessary" to "aid" the federal district court's jurisdiction? Cf. In re Diet Drugs, 282 F.3d at 234 (explaining that for the second exception to apply, "the state action must not simply threaten to reach judgment first, it must interfere with the federal court's own path to judgment"). We need not answer that question in this appeal, however, because the District Court was ultimately correct not to enjoin the sheriff's sale.[6]

---

[6] Our reluctance to agree with the District Court's A-IA analysis in the context of Norton's motion for a preliminary injunction should not be read as a conclusion that none

To obtain a preliminary injunction, Norton had to persuade the District Court that "(1) he is likely to succeed on the merits, (2) he will suffer irreparable harm without preliminary relief, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." Veterans Guardian VA Claim Consulting LLC v. Platkin, 133 F.4th 213, 218 (3d Cir. 2025). But Norton inarguably could not satisfy the first, "gateway" prong of the test. Id. Among the myriad reasons why that is so, Norton failed to show a reasonable probability that

- his insistence that he is not seeking to invalidate the state foreclosure judgment is reconcilable with his argument that this same judgment cannot now be enforced, an argument based on reasons that necessarily call into question the validity of the judgment; i.e., he failed to sufficiently show that his federal action was *not* barred by the Rooker-Feldman doctrine, see In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) ("The Rooker–Feldman doctrine is implicated when, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.'") (citation omitted);

- his § 1983 claims were meaningfully different from the claims and arguments he raised in state court against identical or in-privity parties—that the former were not merely the latter costumed in the language of federal due process— and were thus *not* barred as matter of law by preclusion principles, cf. Sec'y United States Dep't of Lab. v. Kwasny, 853 F.3d 87, 94–95 (3d Cir. 2017);

- his § 1983 claims were cognizable against defendants who, like Deutsche Bank and its counsel, were *neither* state actors, see Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169–70 & n.1 (3d Cir. 2004), *nor* plausible conspirators with state actors, cf. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150–52 (1970); and

- his § 1983 claims against the state court judges were *not* defective as a matter of law on the ground of judicial immunity, see Mireles v. Waco, 502 U.S. 9, 12–13 (1991) (per curiam) ("If judicial immunity means anything, it means

---

of the relief requested in Norton's complaint is barred by the A-IA.

that a judge 'will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'") (citation omitted).

To be clear, we have not concluded that Norton is sure to lose in the ongoing federal litigation below, on the bases described in this opinion or otherwise. Rather, we hold only that he inarguably failed to satisfy the preliminary injunction standard, and that the District Court was thus right to deny the request for such extraordinary relief.

IV.    Conclusion

In light of our assessment above, we disagree with Norton that the summary action standard "is not met here." Doc. 6 at 2. Accordingly, we will summarily affirm the District Court's July 16, 2025 order. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).